UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-62542-Civ-COHN/Seltzer

SCOTTSDALE INSURANCE COMPANY,
a foreign corporation, as subrogee of
SPLASH TECHNOLOGIES, INC.,

      Plaintiff,

v.

SECURITY FIRE PREVENTION, INC.,
a Florida corporation,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

    **THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Count I of

Plaintiff's Complaint [DE 5].  The Court has carefully considered the Defendant's

Motion to Dismiss [DE 5], Plaintiffs' Response to Defendant's Motion to Dismiss [DE

9], and is otherwise fully advised in the premises.  No reply was filed by the deadline of

January 24, 2011.

## I.  BACKGROUND

    Scottsdale Insurance Company ("Plaintiff") filed this action on behalf of its

insured, Splash Technologies, Inc. ("Splash"), for negligence, breach of contract, and

breach of the Florida Building Code.  Plaintiff, acting as a subrogee of Splash, is suing

Security Fire Prevention, Inc. ("Defendant"), a company that contracted with Splash to

install and perform periodic inspections and maintenance on the fire extinguishing

system at Splash's business location.  Complaint, ¶ 5.  On April 9, 2009, Splash's

property was damaged when a fire occurred at the business.  Id., ¶ 6.  Plaintiff alleges

that the fire was not properly extinguished by the Defendant's system.  Id., ¶ 7.

Plaintiff compensated Splash for property damage after the fire.  Id., ¶¶ 8-9.

Defendant filed an Answer to Counts II and III of the Plaintiff's Complaint [DE 6]
and moved to dismiss Count I (negligence).  Plaintiff opposes the motion.


## II.  ANALYSIS

### A.  Legal Standard

Under the Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S.

544 (2007), to survive a motion to dismiss, a complaint must now contain factual

allegations which are "enough to raise a right to relief above the speculative level, on

the assumption that all the allegations in the complaint are true (even if doubtful in

fact)."  550 U.S. at 555.   "While a complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do."  Id.  Taking the

facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive

issue of law, no construction of the factual allegations will support the cause of action."

Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir.

1993).  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court

further stated that a court need not accept legal conclusions as true, but only well-

pleaded factual allegations are entitled to an assumption of truth.

Defendant moves to dismiss Count I on the basis of Florida's economic loss rule

because the negligence claim is inextricably intertwined with the alleged breach of

contract claim.  The economic loss rule stands for the proposition that "[i]n the absence of personal injury or property damage, a party is generally not entitled to initiate an action in tort to recover an economic loss."  <u>Sarkis v. Pafford Oil Co., Inc.</u>, 697 So. 2d 524, 527 (Fla. 1st DCA 1997) (citing <u>Casa Clara Condominium Assoc., Inc. v. Charley Toppino & Sons, Inc.</u>, 620 So. 2d 1244 (Fla. 1993)).  "This rule is based on the premise that parties to a contractual relationship have allocated their respective rights and remedies and consequently it is inappropriate to introduce tort remedies."  <u>Id.</u>

In opposition to the motion, Plaintiff makes several arguments.  Plaintiff contends that the Florida Building Code imposes a duty upon Defendant independent of the parties' contract; that the Complaint alleges damages to "other property" so as to preclude application of the economic loss rule; and, that Defendant has denied the existence of a contractual relationship.  The Court need only address the "other property" issue.

The Complaint in this case clearly alleges that the fire at Splash's business location damaged "the property of Splash," and that Plaintiff had to compensate Splash for "the property damage."  Complaint, ¶¶ 7-8.  These allegations are sufficient to deny Defendant's motion to dismiss.  Plaintiff will ultimately have to prove that damage occurred to Splash's property (other than damage to the fire control system that was the basis of the parties' contract).[1]

_____

[1]  The Court need not address whether Fla. Stat. § 633.061 creates a tort duty independent of the parties' contract.

3

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 5] is hereby **DENIED**.  Defendant shall file an Answer to Count I by March 11, 2011.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of February, 2011.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record on CM/ECF