UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-62542-Civ-COHN/Seltzer

SCOTTSDALE INSURANCE COMPANY,
a foreign corporation, as subrogee of
SPLASH TECHNOLOGIES, INC.,

Plaintiff,

v.

SECURITY FIRE PREVENTION, INC.,
a Florida corporation,

Defendant.
_____________________________________/

**ORDER DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court upon Defendant's Motions for Summary Judgment as to each count of Plaintiff's Complaint [DE's 36, 37 and 38], Plaintiff's Responses to Defendant's Motions to Dismiss [DE's 46, 47 and 48], and Defendant's Replies [DE's 54, 55 and 56]. The Court has carefully considered the filings and related exhibits, and is otherwise fully advised in the premises.

## I. BACKGROUND

Scottsdale Insurance Company ("Plaintiff") filed this action on behalf of its insured, Splash Technologies, Inc. ("Splash"), for negligence (Count I), breach of contract (Count II), and breach of the Florida Building Code (Count III). Plaintiff, acting as a subrogee of Splash, is suing Security Fire Prevention, Inc. ("Defendant"), a company that contracted with Splash to install and perform periodic inspections and maintenance on the fire extinguishing system at Splash's business location. Complaint, ¶ 5. On April 9, 2009, Splash's property was damaged when a fire

occurred at the business. Id., ¶ 6. The facts are largely undisputed, though the parties differ on the interpretations and inferences to be drawn from these facts. Plaintiff contends that the fire was not properly extinguished by the Defendant's system because Defendant failed to notice during its semi-annual inspections the presence of wooden tables/shelving, which had been added to the area protected by the fire suppression system at some point after installation of the system. Defendant contends that the portable space heaters left on overnight by Splash in the paint booth protected by the fire system started the fire and created re-ignition of the fire that prevented the fire suppression system from fully suppressing the fire. Defendant has moved for summary judgment on each of Plaintiff's claims.

## II. ANALYSIS

### A. Legal Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To discharge this burden, the movant must point out to the Court that "there is an absence of evidence to support the non-moving party's case." Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Federal Rule of Civil Procedure 56(e), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [the Court may] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In making this determination, the Court must decide which issues are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

**B. Negligence**

Under Florida law, to state a claim for negligence a plaintiff must allege a duty of care owed by the defendant to the plaintiff, breach of that duty of care, causation and resulting damages. Mosby v. Harrell, 909 So.2d 323, 327 (Fla. Dist. Ct. App. 2005). Defendant argues in its motion for summary judgment that Plaintiff cannot prove causation because it is undisputed that Splash's employees left one or two portable space heaters on all night in the spray paint booth, causing the fire and leading to re-ignition of the fire that prevented the fire suppression system from working as designed. Plaintiff responds by asserting that the cause of the fire is irrelevant – the only issue is whether Defendant's fire suppression system failed. Neither party is

correct.

The cause of the fire and the effectiveness of the fire suppression system under the facts of this case are both relevant for a jury to determine the comparative negligence of both parties for the damages caused by the fire. Florida tort liability "is premised on pure comparative negligence, which means that a jury should apportion fault between the plaintiff, defendant, and any third parties alleged to have been at fault, and render an award based on a defendant's percentage of fault in causing an injury." Williams v. Davis, 974 So. 2d 1052, 1061, n.10 (Fla. 2007) (citing Hoffman v. Jones, 280 So. 2d 431, 438 (Fla. 1973)). Plaintiff's contributory negligence in leaving the portable heaters on all night is relevant to limit recovery, but does not eliminate the possibility of recovery. The motion is therefore denied as to the proximate cause argument.

**C. Economic Loss Rule**

Defendant also moves for summary judgment on Count I on the basis of Florida's economic loss rule because the negligence claim is inextricably intertwined with the alleged breach of contract claim. The economic loss rule stands for the proposition that "[i]n the absence of personal injury or property damage, a party is generally not entitled to initiate an action in tort to recover an economic loss." Sarkis v. Pafford Oil Co., Inc., 697 So. 2d 524, 527 (Fla. 1st DCA 1997) (citing Casa Clara Condominium Assoc., Inc. v. Charley Toppino & Sons, Inc., 620 So. 2d 1244 (Fla. 1993)). "This rule is based on the premise that parties to a contractual relationship have allocated their respective rights and remedies and consequently it is inappropriate to introduce tort remedies." Id. In opposition to the motion, Plaintiff

argues that the exception to the economic loss rule regarding damage to "other property" applies, and, that Defendant has denied the existence of a contractual relationship.

The Florida Supreme Court recently reiterated the limited circumstances when the economic loss rule applies: "(1) where the parties are in contractual privity and one party seeks to recover damages in tort for matters arising out of the contract, or (2) where the defendant is a manufacturer or distributor of a defective product which damages itself but does not cause personal injury or damage to any other property. Curd v. Mosaic Fertilizer, LLC, 39 So. 3d 1216, 1223 (Fla. 2010). This matter would seem to fall within category 1, which does not include the exception regarding damage to other property that the product liability situation in category 2. However, in this action, Defendant also asserts that there is no contract between the parties, only service/maintenance invoices. Thus, Plaintiff contends it would be error for Defendant to be able to claim a contract exists to defeat a tort claim, yet also deny a contract exists to defeat a breach of contract claim. This Court agrees.

Therefore, the Court concludes at this time that the economic loss rule does not preclude Plaintiff's negligence claim. Should it be determined that a valid contract exists between the parties that includes "damages in tort for matters arising out of the contract," then Plaintiff would be barred from recovering such damages in tort.

**D. Breach of Contract**

Defendant also has moved for summary judgment on Plaintiff's breach of contract claim, arguing that no contract exists, and, if it did, that Plaintiff cannot prove proximate causation of damages. "It is elementary that for an enforceable contract to

exist there must be an offer, an acceptance, consideration and sufficient specification of terms so that the obligations involved can be ascertained." W.R. Townsend Contracting, Inc. v. Jensen Civil Construction, Inc., 728 So.2d 297, 302 (Fla. 1st DCA 1999). In this action, Plaintiff contends that the contract is the "Pre-Engineered Dry Chemical System Report" and accompanying invoice. Exhibit K to Plaintiff's Response [DE 49-13]. There is no dispute that the parties mutually accepted an offer for Defendant to inspect the fire suppression system it installed on a semi-annual basis, in consideration of payment for that service by Plaintiff. What is ambiguous is whether the scope of the parties' contract includes Defendant's obligation to inspect the fire suppression system to confirm that the hazards associated with the suppression system had not changed. The evidence suggests that wood tables or wood shelving had been added to the paint spray booth protected by the suppression system, although Defendant's inspector denied there was a wooden table in the booth at the time of his last inspection on January 13, 2009. Thus, not only is there a triable issue on the scope of the contract, but there is a factual dispute regarding the presence of wooden tables in the paint booth.

Defendant also argues for summary judgment on the breach of contract claim on the grounds that Plaintiff cannot prove that a breach of the contract caused the damages. Defendant's argument repeats its assertion that Plaintiff's gross negligence in keeping one or two portable heaters on overnight in the paint booth caused the fire and negates any other argument that Defendant breached a contract. As stated earlier, this Court disagrees because the record as set forth in Plaintiff's Response and Exhibits suggests that the failure of the fire suppression system arose from multiple

causes. Thus, summary judgment is not appropriate at this time.

**E. Building Code Violation**

Defendant filed a third motion for summary judgment as to Count III of the Complaint. This motion is nearly verbatim to the Defendant's motion for summary judgment on the negligence claim in Count I, after the introductory statement that Plaintiff's Florida Building Code claim is "ostensibly a cause of action for negligence, as Plaintiff has alleged in Count III of its Complaint that Defendant has breached a statutory duty." Rather than repeat the statement of facts and legal arguments, counsel should have combined these motions rather than unnecessarily filing multiple motions.

The Court will not repeat its discussion regarding negligence and the economic loss rule as stated above in Sections II.B and II.C of this Order. The motion for summary judgment on the building code claim is denied on the same grounds as the negligence claims.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motions for Summary Judgment [DE's 36, 37 and 38] are hereby **DENIED**;
2. Oral argument remains set for 9:00am on Friday, August 19, 2011, on Plaintiff's Motion to Strike Defendant's Supplemental Disclosure, or in the Alternative Plaintiff's Motion in Limine Regarding Testimony of Defendant's expert, Patrick Kennedy [DE 39], as well as Plaintiff's Motion in Limine Regarding Cumulative

Expert Testimony.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of August, 2011.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record on CM/ECF